

FILED & ENTERED

APR 29 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No.: 9:11-14420 |
| | ) |
| David Brian Fee, | ) Chapter 7 |
| | ) |
|     Debtor. | ) ORDER DENYING MOTION |
| | ) FOR EXTRAORDINARY |
| | ) WRIT OF MANDAMUS |

    Debtor, David Brian Fee, filed a Chapter 11 bankruptcy petition on September 16, 2011, and the case was converted to Chapter 7 on October 4, 2012.  Debtor received a Chapter 7 discharge on April 9, 2013.

    On February 11, 2013, JP Morgan Chase Bank, N.A., ("Chase") filed an adversary proceeding against debtor, the Chapter 7 trustee (Jeremy W. Faith), and others regarding the real property commonly known as 5500 Casitas Pass Road, Ventura, CA 93001, and an adjoining vacant parcel of land.  Plaintiff, Chase, is the holder of a junior lien on the Casitas Pass property,

1

which secures a loan made to debtor in 2007. Chase requested via its complaint, among other things, that its deed of trust be reformed, as of August 14, 2007, so as to include a complete and correct legal description of the property. Debtor failed to file an answer to the complaint, and on April 24, 2013, a default was entered in the case as to debtor.

On March 25, 2014, debtor filed an "Ex Parte Petition, Motion and Request for Hearing as an Extraordinary Writ of Mandamus" in the bankruptcy court. Per this pleading, debtor seeks to "correct the record in the best interests of justice." Debtor does not clearly identify what he seeks to correct in the record, but he appears to suggest that the bankruptcy court erred in determining that Chase had "standing" to enforce the note in the adversary or the bankruptcy case. For example, while debtor mentions no specific dates on which the court allegedly made an erroneous ruling, he contends that "the Plaintiff cannot show that the Plaintiff had any interest in the Note or any right to be paid by the Defendant-Debtor . . .," (Motion at 5), and contends that the intervention of the United States District Court is warranted because it should "decide on such Constitutional Minimal issues for standing." Id. Debtor adds that he filed the motion for writ of mandamus to correct the record to prevent his "being subjected to further wrongful harm based on the incorrect record that has been used as the foundation for the plaintiff's case . . . ." Id.

As a threshold matter, this motion is improperly filed in this court, as debtor seeks to "correct the record" in the bankruptcy court, but "a litigant cannot, as a conceptual matter, ask a lower court to prohibit its own actions." In re Bergman, 397 B.R. 348, 355 (Bkrtcy. E.D. Va. 2008). The motion should have been directed to the District Court or separate appellate court because "a request for writ of mandamus or prohibition is – by its very nature – addressed to a superior court, *not to the court hearing the underlying action*." Id. (emphasis added).

The writ of mandamus is an 'extraordinary' remedy limited to 'extraordinary' causes. In order to gain the benefit of the writ, the party must have no other recourse; the right to the writ must be "clear and indisputable"; and the appellate court must be satisfied that the writ is appropriate under the circumstances.

2

Cheney v. U.S. Dist. Court, 124 S.Ct. 2576, 2587 (2004).  The Ninth Circuit has articulated this strict standard in terms of a five-factor test, asking whether: 1) there are no other adequate means, such as direct appeal, to secure relief; 2) failure to grant the writ would result in damage to petitioner that is "not correctable on appeal"; 3) the district court's order is "clearly erroneous as a matter of law"; 4) the order represents an "oft-repeated" error or patent "disregard of the federal rules"; and 5) the order raises "new and important problems" or legal issues of first impression. *Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977).  Not every factor need be present at once . . . .  However, the absence of the third factor, clear error, is dispositive. *See, e.g., Gallo v. U.S. Dist. Court,* 349 F.3d 1169, 1177 (9th Cir.2003).

Burlington Northern & Santa Fe Ry. Co. v. U.S. District Court for Dist. of Montana, 408 F.3d 1142, 1146 (9th Cir. 2005) (some citations omitted).

Only exceptional circumstances amounting to a judicial usurpation of power will justify invocation of the extraordinary remedy of a writ of mandamus.  Credit Suisse v. US Dist. Court for the Central District of California, 130 F.3d 1342, 1345 (9th Cir. 1997).

Here, the debtor does not argue that the court made an erroneous ruling in the adversary proceeding.  Debtor appeared at the most recent status conference hearing held in the adversary on March 25, 2014.  At that hearing, the court noted that it was unclear why debtor was appearing because a default had been entered against him, and there was nothing to indicate that the default had been set aside.  Debtor stated that he was aware that the default had been entered, and informed the court that he would be filing documents that same day that would address his position regarding the matter.  Later that day, the debtor filed his motion for writ of mandamus.  In the motion, debtor does not argue that the entry of default against him was improper or erroneous.  Nor has debtor filed an answer in the adversary proceeding to date.

Throughout the motion for writ of mandamus, debtor never specifies what ruling he seeks to challenge via the motion.  Rather, debtor makes statements regarding the importance of the legal "standing" doctrine, and suggests that the bankruptcy court erred in determining that Chase

3

Bank had "standing" at some point. For example, debtor claims that JPMorgan Chase must show that it "has standing under various prudential limitations on access to Federal Court, which the United States Bankruptcy court has failed to do, . . .," and states that JPMorgan Chase "cannot show that [it] had any interest in the Note or any right to be paid by the Defendant-Debtor," and that it was the "real party in interest." (Motion at 5-6). Specifically, debtor alleges that JPMorgan Chase "is not a Real Party in Interest in that [Washington Mutual Bank] as the predecessor of [Chase] never assigned the Defendant's-Debtor's Notes or Deeds of Trust that are the subject matter of these bankruptcy proceedings to [Chase] because prior to being taken over by [Chase] from the Federal Department of Insurance Corporation ("FDIC") on September 25, 2008, [Washington Mutual Bank] had already sold and assigned the Defendant's-Debtor's Notes an Deeds of Trust to US Bank, National Association, Wachovia Bank, National Association, and La Salle Bank National Association long before the takeover by the Plaintiff; i.e. [Chase] has no standing as it is not the Real Party In Interest." (Motion at 6). Debtor offers no evidence in support of his claim that the original lender on the subject loan, Washington Mutual Bank, transferred its interest in the Deed of Trust and Note to US Bank prior to going into receivership, and prior to the eventual transfer of all Washington Mutual Bank assets (including loans and loan commitments) to Chase.

      Debtor made a similar argument in opposition to Chase Bank's motion for relief from stay regarding the Casitas Pass property filed July 23, 2012 (Docket 121 [Chase Motion for Relief from Stay]). In opposition to the motion for relief from stay, debtor argued, *inter alia*, that Chase had no standing to seek relief from stay because it had not produced any "evidence establishing it held any interest in the Note and Deed of Trust securing the subject property, and had no entitlement to enforce the obligation." (Docket # 123 [Debtor's Opp.] at 2). A hearing on Chase's relief from stay motion was held on August 22, 2012, and the court granted the motion over debtor's objection, noting that Chase Bank had standing because it was a

"nonholder"[1] in possession of the note with the rights of a "holder," pursuant to Cal.Com. Code § 3301(b).

 Section 3301 defines a "person entitled to enforce" an instrument as:

  (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of the holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3309 or subdivision (d) of Section 2418.

Cal. Comm. Code § 3301.

At the August 22nd hearing, the court referred to Cal. Comm. Code § 3301, and noted that Chase had presented evidence in the form of a FDIC Affidavit that "on September 25, 2008, JPMorgan Chase became the owner of the loans and loan commitments of Washington Mutual by operation of law." [Docket # 121 (Exh. 3).] Specifically, the affidavit provided that the original lender on the subject Note, Washington Mutual Bank, was closed by the Office of Thrift Supervision on September 25, 2008, and the FDIC was named as receiver. That same day (September 25, 2008), "JPMorgan Chase (movant) acquired certain of the assets, including *all loans and all loan commitments*, of Washington Mutual." Id.

 The court held that the foregoing evidence established that through the "Purchase and Assumption Agreement" between the FDIC and Chase by which Chase acquired all of Washington Mutual's loans and loan commitments, Chase became a "nonholder" in possession of the note with the rights of a "holder," Cal.Com. Code § 3301(b), and thus, Chase had standing to enforce the note. This court granted Chase's motion for relief from stay by order entered August 24, 2012, and debtor did not appeal this order.[2]

---

[1] Under California law, a person qualifies as the "holder" of a note if the note is in the person's possession and is payable to the person. Cal. Com. Code § 1201(b)(21). In its motion for relief from stay, Chase had submitted evidence that it was in possession of the original Note, however, the Note is "payable" to the original lender, Washington Mutual Bank. Because Chase was not the original payee on the Note, or the original beneficiary under the deed of trust, it had to demonstrate that it was otherwise a "person entitled to enforce" the Note, either as a holder to whom the Note was negotiated, or *a nonholder in possession of the Note who has the rights of a holder* to whom the Note was transferred. Cal. Com. Code § 3301.

[2] Notably, one of the Bauman factors involves consideration of whether a petitioner for writ of mandamus has "no other adequate means, such as direct appeal, to secure relief." This factor is missing here, because debtor could have

Debtor fails to demonstrate that this ruling that Chase had standing as an entity entitled to enforce the note was clear error.  Rather, debtor merely sets forth allegations and general legal principles without applying such principles, or demonstrating their relevance, to the facts of this case or this court's prior rulings in this case.  For example, debtor states that "Real Party in Interest Status and Its Policies in accordance and pursuant to Federal Rules of Civil Procedure, Rule 17(a)(1) starts simply:  'An action must be prosecuted in the name of the real party in interest.'" (Motion at 6).  Debtor also alleges that Chase "as will be seen, does not own such [the Note], and accordingly, does not have standing to defend and to pursue action for such Notes." (Motion at 7).  Debtor submits no evidence in support of his claims, and moreover, debtor makes no reference to the date of any allegedly erroneous ruling of the court, or clearly identify any allegedly erroneous ruling debtor seeks to have rectified.  Debtor's motion for writ of mandamus consists of general statements regarding the concept of "standing" listed seriatim, and the remainder of the motion sets forth causes of action against Chase for "fraud, deception, and concealment," and prayers for relief, including injunctive relief against Chase.  Such causes of action and prayers for relief against Chase are irrelevant to debtor's motion for writ of mandamus, which seeks only to "correct the record," and are more appropriately pled in a formal complaint.  To date, debtor has neither filed an answer to Chase's complaint in the adversary proceeding entitled Chase v. Faith; Fee; N & K Investments, et al, (9:13-01034), nor filed a formal adversary complaint against Chase.

Because debtor has not shown that the court clearly erred in determining that Chase had "standing" in the bankruptcy proceeding vis-à-vis the Casitas Pass property, debtor's motion for writ of mandamus is DENIED.  See Klestadt & Winters, LLP v. Cangelosi, 672 F.3d 809 (9th Cir. 2012) (quoting Z-Seven Fund, Inc. v. Motorcar Parts & Accessories, 231 F.3d 1215, 1219-20 (9th Cir. 2000) (noting that lack of clear error,

---

appealed from the order granting Chase's motion for relief from stay on the Casitas Pass property, but failed to avail himself of this remedy.  See In re Conejo Enters., Inc., 96 F.3d 346, 351 (9th Cir. 1996) (stating that "[t]he decision of a bankruptcy court granting or denying relief from an automatic stay under section 362(d) is a final decision reviewable by [the appellate] court.").

1 | alone, is sufficient to deny mandamus); Gallo v. U.S. Dist. Court, 349 F.3d 1169, 1177
2 | (9th Cir.2003).
3 | ###
4 | ###
5 | ###
6 | ###
7 | ###
8 | ###
9 | ###
10 | ###
11 | ###
12 | ###
13 | ###
14 | ###
15 | ###
16 | ###
17 | ###
18 | ###
19 | ###
20 | ###

Date: April 29, 2014

*Robin Riblet*
Robin L. Riblet
United States Bankruptcy Judge